**Corina Zirk,**
1463 S. Walnut Street,
Janesville, WI 53546
        **Plaintiff,**

v.                                                                                                                                          **Case No.** 17CV1622

**BP Peterman Law Group LLC,**
165 Bishops Way, Suite 100
Brookfield, WI 53005

**And**

**Fay Servicing LLC,**
939 W. North Ave. Suite 680
Chicago IL 60642
        **Defendants.**

# COMPLAINT

**NOW COMES** the Plaintiff, by and through her attorneys Briane F. Pagel and Lawton & Cates, S.C., and allege as follows:

## Parties

1. Plaintiff Corina Zirk is a Wisconsin citizen residing at the address shown in the caption hereto.

2. Defendant BP Peterman Law Group LLC ("Peterman") is upon information and belief a limited liability company with a principal place of business located at the address shown in the caption hereto.

3. Defendant Fay Servicing ("Fay") is upon information and belief a limited liability company with a principal place of business located at the address shown in the caption hereto.

1

## Jurisdiction of the Court:

4. This action is brought pursuant to 28 USC 1331 in that it arises under the laws of the United States. Plaintiff also brings pendent jurisdiction claims pursuant to 28 USC 1367.

## Factual Allegations:

5. On or about October 18, 2017, a foreclosure lawsuit was filed against Zirk, alleging she was in default on their mortgage.
6. The lawsuit was filed by Peterman, representing Fay Servicing.
7. Peterman, upon information and belief, regularly engages in the collection of moneys owed to companies or persons other than itself. Peterman's actions herein were intended to collect money owed to someone other than Peterman, which money was allegedly owed as a result of its use for personal, family, or household purposes.
8. Fay, upon information and belief, regularly engages in the collection of moneys owed to companies or persons other than itself. Fay's actions herein were intended to collect money owed to someone other than Fay, which money was allegedly owed as a result of its use for personal, family, or household purposes.
9. Fay Servicing is alleged to be the servicer of Zirk's note and mortgage that are the subject of the foreclosure suit.
10. Fay Servicing did not allegedly become the servicer of Zirk's note until after the note was alleged to be in default.
11. Zirk took out the note and mortgage for her own personal, family, and household purposes. Zirk resides in the property and did so since the time she took out the note.
12. In the foreclosure suit, Peterman and Fay named "Unknown tenants" of Zirk's.
13. Zirk's property is a duplex, and her nephew lives next door to her and is her tenant.
14. Peterman and Fay arranged to have a copy of the foreclosure summons and complaint served on Zirk's nephew, at the outset of the foreclosure case, and Zirk's nephew, her tenant, was served.
15. Zirk's nephew does not have a lien or ownership interest in the real property.
16. Wisconsin law prohibits the naming of a tenant in a foreclosure action unless the tenant has a lien or ownership interest in the real property.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE FDCPA
### (Both Defendants)

17. Reallege and incorporate the foregoing as though set forth fully at this point.

18. Defendants' filing of a foreclosure complaint which names a tenant, and then serving that complaint on an actual tenant, were conduct that may harass, oppress, and abuse Zirk.

19. Defendants' actions further falsely and misleadingly claimed that they had a right to name and serve Zirk's tenant, and such claims were material in that they would mislead a debtor, and did mislead Zirk, into believing that her tenant was an appropriate party to the action.

20. Defendants' actions were unfair and unconscionable.

21. Defendants' actions were done in connection with the collection of a debt.

22. Defendants' actions violate the Fair Debt Collection Practices Act.

## SECOND CAUSE OF ACTION:
## VIOLATION OF MORTGAGE BANKER REGULATIONS, CONTRARY TO WIS. STAT. §224.77
### (Defendant Fay only)

23. Reallege and incorporate the foregoing as though set forth fully to this point.

24. Fay services residential mortgages as a primary part of its business.

25. Ditech's actions as alleged in the foregoing constitute improper conduct in violation of Wis. Stat. §224.77(1) (m).

## DAMAGES ALLEGATIONS:

26. As a result of all of the foregoing, Zirk has suffered emotional distress. Zirk was embarrassed and humiliated because her nephew was served with legal papers, and Zirk had to worry that this would interfere with her relationship with her nephew or cost her additional money in legal fees to extricate him from the process.

27. As a result of Defendants' actions, Zirk is entitled to statutory damages, her actual damages, costs, and attorney's fees.

## Punitive Damages Allegations:
## (Fay Servicing Only)

28. Upon information and belief, Fay was aware of its obligations under state law.
29. Upon information and belief, Defendants took the actions alleged herein deliberately and in intentional disregard of the Plaintiff's rights under state law, doing so to benefit itself.
30. As a direct and proximate result, Plaintiff is entitled to punitive damages in an amount to be determined by the Court.

**WHEREFORE** plaintiff requests that the Court grant compensatory, statutory, punitive and other damages, costs and fees as allowed by law.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS MATTER.**

Dated: November 21, 2017

**LAWTON & CATES, S.C.**
Attorneys for Plaintiff

/s/ *Briane Pagel*
Briane Pagel, SBN: 1025514

P.O. Address:
345 W. Washington Ave., Suite 201
P.O. Box 2965
Madison, WI 53701-2965
PH: 608-282-6200
Fax: 608-282-6252